## WOODKIRK v. WILLIAMS.

The prosecution under the statute for the support of illegitimate children, whether it be on the complaint of the mother, or of the overseers of the poor, must be in the name of the state.

*Friday,*
*November 24.*

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—The statute, providing for the support of illegitimate children, is not very express in all its provisions (1). The practice under it, however, need not for this reason remain doubtful and unsettled, when correct rules of proceeding may be established consistently with the evident meaning and spirit of the law. An accusation is first made on behalf of the state, before a justice of the peace, by the woman having cause of complaint; or, upon her neglect, by the overseers of the poor. The magistrate reduces the accusation to writing, and issues a warrant, in the name of the state, for the apprehension of the party accused. On the return of the warrant, the woman is examined upon oath by the justice; and cross-examined by the accused, if he appear. This examination the justice reduces to writing: and if it appear to his satisfaction, that the person charged is the father of the child, the defendant must make a satisfactory compensation to the mother, give security to indemnify the county, and pay the costs of prosecution; or, if he fail to do so, the magistrate binds him by recognizance, with surety, for his appearance at the next Circuit Court, and returns the accusation and proceedings thereon to that Court. This return is made matter of record, and from it the Circuit Court derives its jurisdiction over the case. The state is the plaintiff, and the accusation made before the justice is the charge. The defendant may plead not guilty, and have the issue tried by a jury.

On the trial the mother is a competent witness; and her examination before the justice is admissible evidence. Upon conviction of the accused, the Court adjudge him the father of the child, make an order against him for its maintenance, and require security for the performance of the order. A judgment is also rendered against him for the costs.

The present prosecution was instituted by virtue of this statute. It appears from the record, that the issue made up in the Circuit Court was between *Jane Williams*, who made the complaint, and *John Woodkirk*, who was the person accused. The jury were sworn to try this issue, joined between these parties. At the last term it was decided, that a mother cannot be a party to such a suit (2). The prosecution must be in the name of the state, whether the accusation be made by the mother, or by the overseers of the poor. The issue, therefore, was not joined by the proper parties. The judgment for costs is rendered in favour of the mother: in that there is also error.

*Per Curiam.*—The Judgment is reversed, and the proceedings subsequent to the plea are set aside, with costs. Cause remanded for further proceedings.

*Caswell*, for the plaintiff.
*Test*, for the defendant.

(1) Ind. Stat. 1817, p. 229;—1823, p. 225.

(2) *The State* v. *Bradley*, ante, p. 83.